UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v. | Case:2:09-cr-20549<br>Judge: Hood, Denise Page<br>MJ: Whalen, R. Steven<br>Filed: 11-10-2009 At 04:57 PM<br>INDI: USA V. MOHAMMAD ABDUL BASSIR,<br>ET AL (KB) |
| D-2  MOHAMMAD ABDUL BASSIR,<br>     a.k.a. Franklin D. Roosevelt Williams, | VIOLATIONS: |
| D-3  MUHAMMAD ABDUL SALAAM,<br>     a.k.a. Gregory Stone,<br>     a.k.a. Gregory Strong,<br>     a.k.a. Norman Shields,<br>     a.k.a. Douglas Shields,<br>     a.k.a. Gun Man, | 18 U.S.C. § 371: CONSPIRACY TO COMMIT FEDERAL CRIMES |
| D-4  ABDUL SABOOR,<br>     a.k.a. Dwayne Edward Davis, | 18 U.S.C. § 922(g): FELON IN POSSESSION OF FIREARMS |
| D-5  MUJAHID CARSWELL,<br>     a.k.a. Mujahid Abdullah, | 18 U.S.C. § 922(k): POSSESSION OF FIREARM WITH ALTERED SERIAL NUMBER |
| D-6  ABDULLAH BEARD,<br>     a.k.a. Detric Lamont Driver, | 18 U.S.C. § 511: TAMPERING WITH VEHICLE IDENTIFICATION NUMBERS |
| D-7  MOHAMMAD AL-SAHLI,<br>     a.k.a. Mohammad Philistine,<br>     a.k.a. Mohammad Palestine, | 18 U.S.C. § 2: AIDING AND ABETTING |
| D-8  YASSIR ALI KHAN, | |
| D-9  ADAM HUSSAIN IBRAHEEM, | |
| D-10 GARRY LAVERNE PORTER, | |
| D-11 ALI ABDUL RAQIB, | |
| D-12 ACIE PUSHA,<br>     a.k.a. Hanif, | |
|           Defendants. | |

# *INDICTMENT*

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

The General Allegations are incorporated into each of the following counts by reference:

1. All dollar amounts alleged in this indictment are approximate.

2. All dates in this indictment are alleged to have occurred "on or about" the date stated.

### COUNT 1
(18 U.S.C. § 371: Conspiracy to Commit Federal Crimes)

| | | |
|---|---|---|
| D-2 | MOHAMMAD ABDUL BASSIR, | |
| D-3 | MUHAMMAD ABDUL SALAAM, | |
| D-4 | ABDUL SABOOR, | |
| D-5 | MUJAHID CARSWELL, | |
| D-6 | ABDULLAH BEARD, | |
| D-7 | MOHAMMAD AL-SAHLI, | |
| D-8 | YASSIR ALI KHAN | |
| D-9 | ADAM HUSSAIN IBRAHEEM | |
| D-11 | ALI ABDUL RAQIB | |
| D-12 | ACIE PUSHA | |

3. From November 2008 through October 28, 2009, in the Eastern District of Michigan, Southern Division and elsewhere, defendants **Mohammad Abdul Bassir**, a.k.a. Franklin D. Roosevelt Williams (D-2), **Muhammad Abdul Salaam**, a.k.a. Gregory Stone, a.k.a. Norman Shields, a.k.a. Gun Man (D-3), **Abdul Saboor**, a.k.a. Dwayne Edward Davis (D-4), **Mujahid Carswell**, a.k.a. Mujahid Abdullah (D-5), **Abdullah Beard**, a.k.a. Detric Lamont Driver (D-6), **Mohammad Al-Sahli**, a.k.a. Mohammad Philistine, a.k.a. Mohammad Palestine (D-7), **Yassir Ali Khan** (D-8), **Adam Hussain Ibraheem** (D-9), **Ali Abdul Raqib** (D-11), and **Acie Pusha** (D-12) conspired and agreed with each other, and with Luqman Ameen Abdullah, a.k.a. Christopher Thomas, and with others known and unknown to the grand jury, **to violate 18 U.S.C. § 2315** by knowingly receiving, possessing, concealing, bartering, selling and disposing of goods, wares and merchandise valued at $5,000 or more that they believed had been stolen, unlawfully converted, and thereafter transported across a State boundary into the State of Michigan.

2

## OVERT ACTS

4. In furtherance of the conspiracy and to advance its goals, the named individuals performed the following overt acts.

### The December 4, 2008 Transaction

5. On November 16, 2008, **Mohammad Abdul Bassir** (D-2) and **Abdullah Beard** (D-6) met with others to discuss their participation in the theft of merchandise they believed had been stolen and would be brought into the State of Michigan. **Bassir** and **Beard** agreed to assist in the theft and concealment of merchandise for a fee.

6. On November 18, 2008, **Mohammad Abdul Bassir** (D-2) accepted a $100 fee for agreeing to participate in the theft and concealment of stolen merchandise, which he later shared with co-conspirators **Abdullah Beard** (D-6) and **Adam Hussain Ibraheem** (D-9) in return for their agreement to assist in the theft.

7. On November 28, 2008, **Abdullah Beard** (D-6) and Luqman Abdullah discussed participating in the theft and concealment of stolen merchandise. Abdullah told **Beard** to be careful, and told **Beard** to give 20% of the proceeds to Abdullah.

8. On December 3, 2008, **Mohammad Abdul Bassir** (D-2) accepted an additional $500 as a fee for his participation in the theft and concealment of stolen merchandise. Luqman Abdullah accepted $200 for sanctioning the proposed theft.

9. On December 4, 2008, **Mohammad Abdul Bassir** (D-2), **Abdullah Beard** (D-6) and **Adam Hussain Ibraheem** (D-9) participated in moving pallets of goods valued at over $5,000 that they believed had been stolen and shipped into Michigan, in order to facilitate their concealment and re-sale. **Bassir, Beard** and **Ibraheem** accepted payment for their assistance.

10. On December 8, 2008, Luqman Abdullah accepted an additional $300 from the December 4 transaction, bringing the total amount of money Abdullah received to $500, 20% of the total $2,500 fee paid to all of the participants.

### The January 14, 2009 Transaction

11. On January 14, 2009, **Mohammad Abdul Bassir** (D-2), **Abdullah Beard** (D-6) and **Adam Hussain Ibraheem** (D-9) participated in the theft of pallets of goods valued at over $5,000 that they believed were stolen and shipped into Michigan. **Bassir, Beard** and **Ibraheem** were paid a total of $1,500 for their participation, and they then paid Luqman Abdullah $300, his 20% share of their payment.

### The February 12, 2009 Transaction

12. On February 12, 2009, Luqman Ameen Abdullah went to Chicago, Illinois to obtain fur coats that he believed were stolen, and then transported them into Michigan to conceal them and to hold them for later sale.

13. On March 5, 2009, **Mujahid Carswell** (D-5) photographed the furs to assist his attempts to sell them.

### The March 25, 2009 Transaction

14. On March 25, 2009, **Mujahid Carswell** (D-5) purchased 50 laptop computers, which he believed had been stolen and shipped into Michigan, for $5,500. **Carswell** then sold at least 38 of the computers to **Mohammad Al-Sahli** (D-7) and **Yassir Ali Khan** (D-8), so they could re-sell them.

15. Luqman Abdullah was paid $750, his 20% share of the money obtained from the sales of the laptop computers.

### The April 29, 2009 Transaction

16. On April 29, 2009, Luqman Abdullah took possession of 24 laptop computers valued at over $5,000 that he believed had been stolen from an interstate shipment and brought into Michigan. Abdullah delivered the computers to **Yassir Ali Khan** (D-8), so that **Khan** and **Mohammad Al-Sahli** (D-7) could sell them. **Khan** later paid Abdullah for the computers.

### The May 28, 2009 Transaction

17. On May 28, 2009, **Mohammad Al-Sahli** (D-7) arranged to purchase an additional 21 laptop computers valued at over $5,000 that he believed had been stolen from an interstate shipment and brought into Michigan. **Al-Sahli** also solicited the purchase of stolen iPhones and Burberry purses. Luqman Abdullah paid $3,000 for the stolen laptops, which he then sold to **Yassir Ali Khan** (D-8) and **Al-Sahli** for $5,000; Abdullah kept $1,000 of that money as his 20% share of the proceeds. **Khan** and **Al-Sahli** then sold the stolen computers for an unknown amount of money.

### The July 1, 2009 Transaction

18. On July 1, 2009, Luqman Abdullah, **Muhammad Abdul Salaam** (D-3) and **Abdul Saboor** (D-4) took possession of ten 40" LCD television sets valued at over $5,000 that they believed had been stolen from an interstate shipment and brought into Michigan. **Salaam** and **Saboor** sold the television sets for an unknown amount of money.

### The July 24, 2009 Transaction

19. On July 24, 2009, Luqman Abdullah, **Muhammad Abdul Salaam** (D-3), **Abdul Saboor** (D-4) and **Abdullah Beard** (D-6) assisted in activity they believed was intended to conceal the theft from an interstate shipment of 6,000 cartons of cigarettes with a retail value of $200,000.

### The August 19, 2009 Transaction

20. On August 19, 2009, Luqman Abdullah, **Muhammad Abdul Salaam** (D-3), **Abdul Saboor** (D-4) and **Ali Abdul Raqib** (D-11) purchased ten 46" Toshiba HDTVs valued at over $5,000 which they believed had been stolen from an interstate shipment and brought into Michigan. **Abdullah, Saboor** and **Raqib** worked together to move the television sets into **Salaam**'s home, and then **Salaam, Saboor** and Abdullah sold them for an unknown sum of money.

### The October 8, 2009 Transaction

21. On October 8, 2009, Luqman Abdullah, **Muhammad Abdul Salaam** (D-3) and **Abdul Saboor** (D-4) took possession of 15 laptop computers and 54 power tool kits valued at over $5,000 that they believed had been stolen from an interstate shipment and brought into Michigan. The men worked together to move the merchandise and conceal it at **Salaam**'s house, and then to sell it for an unknown sum of money.

### The October 28, 2009 Transaction

22. On October 28, 2009, Luqman Abdullah, **Muhammad Abdul Salaam** (D-3), **Abdul Saboor** (D-4), **Abdullah Beard** (D-6) and **Acie Pusha** (D-12) attempted to take possession of merchandise valued at over $5,000 that they believed had been stolen from an interstate shipment and moved into Michigan.

23. All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(18 U.S.C. § 922(g): Felon in Possession of Firearms)

D-2   MOHAMMAD ABDUL BASSIR

24.   On November 12, 2007, in the Eastern District of Michigan, Southern Division, **Mohammad Abdul Bassir**, a.k.a. Franklin D. Roosevelt Williams (D-2), who was previously convicted of the felonies of armed robbery and unlawfully driving away an auto in 1992, and attempt felony firearms and carrying a concealed weapon in 1998, all crimes carrying a possible sentence over one year, knowingly and unlawfully possessed a firearm, specifically, **one .45 caliber "LLAMA" Gabilondo y Cia Vitoria Stoeger Arms pistol, serial number 484842,** which had previously traveled in and affected interstate or foreign commerce.

25.   All in violation of Title 18, United States Code, Section 922(g).

## COUNT 3
(18 U.S.C. § 922(g): Felon in Possession of Firearms)

D-2   MOHAMMAD ABDUL BASSIR

26.   On December 17, 2007, in the Eastern District of Michigan, Southern Division, **Mohammad Abdul Bassir**, a.k.a. Franklin D. Roosevelt Williams (D-2), who was previously convicted of crimes carrying a possible sentence of over one year, including armed robbery and unlawfully driving away an auto in 1992, and attempt felony firearms and carrying a concealed weapon in 1998, knowingly and unlawfully possessed a firearm, specifically, a **.45 caliber Tarus PT945 stainless pistol, 9-shot capacity, serial number NRK92313,** which had previously traveled in and affected interstate or foreign commerce.

27.   All in violation of Title 18, United States Code, Section 922(g).

## COUNT 4
(18 U.S.C. § 922(g): Felon in Possession of Firearms)

D-2   MOHAMMAD ABDUL BASSIR

28.   On January 25, 2008, in the Eastern District of Michigan, Southern Division, **Mohammad Abdul Bassir**, a.k.a. Franklin D. Roosevelt Williams (D-2), who was previously convicted of crimes carrying a possible sentence of over one year, including armed robbery and unlawfully driving away an auto in 1992, and attempt felony firearms and carrying a concealed weapon in 1998, knowingly and unlawfully possessed a firearm, specifically, a **.44 magnum**

caliber **Ruger Redhawk 6-shot revolver, stainless finish, serial number 501-88896**, which had previously traveled in and affected interstate or foreign commerce.

29. All in violation of Title 18, United States Code, Section 922(g).

## COUNT 5
(18 U.S.C. § 922(g): Felon in Possession of Firearms)

D-2   MOHAMMAD ABDUL BASSIR

30. On November 7, 2008, in the Eastern District of Michigan, Southern Division, **Mohammad Abdul Bassir**, a.k.a. Franklin D. Roosevelt Williams (D-2), who was previously convicted of crimes carrying a possible sentence of over one year, including armed robbery and unlawfully driving away an auto in 1992, and attempt felony firearms and carrying a concealed weapon in 1998, knowingly and unlawfully possessed a firearm, specifically, a **Tokarev Czechoslovakian CZ-52 (TOK) 7.62 x 25 mm automatic handgun with the serial number partially obliterated, remaining partial serial number E11,** which had previously traveled in and affected interstate or foreign commerce.

31. All in violation of Title 18, United States Code, Section 922(g).

## COUNT 6
(18 U.S.C. § 922(k): Knowing Possession of Firearm
with Obliterated Serial Number)

D-2   MOHAMMAD ABDUL BASSIR

32. On November 7, 2008, in the Eastern District of Michigan, Southern Division, **Mohammad Abdul Bassir**, a.k.a. Franklin D. Roosevelt Williams (D-2), knowingly possessed a firearm which had the importer's or manufacturer's serial number removed, obliterated, or altered, specifically, a **Tokarev Czechoslovakian CZ-52 (TOK) 7.62 x 25 mm automatic handgun with the serial number partially obliterated, remaining partial serial number E11,** which had, at any time, been shipped or transported in interstate or foreign commerce.

33. All in violation of Title 18, United States Code, Section 922(k).

## COUNT 7
(18 U.S.C. § 922(g): Felon in Possession of Firearms)

D-10  GARRY LAVERNE PORTER

34.    On August 19, 2009, in the Eastern District of Michigan, Southern Division, **Garry Laverne Porter** (D-10), who was previously convicted of carrying a concealed weapon in 1997, a crime carrying a possible sentence over one year, knowingly and unlawfully possessed a firearm which had previously traveled in and affected interstate or foreign commerce. Specifically, **Porter** possessed **one .30 caliber M-1 Rifle, Plainfield Machine, Dunellen, New Jersey, serial number 51006.**

35.    All in violation of Title 18, United States Code, Section 922(g).

## COUNT 8
(18 U.S.C. § 922(g): Felon in Possession of Firearms)

D-10  GARRY LAVERNE PORTER

36.    On August 19, 2009, in the Eastern District of Michigan, Southern Division, **Garry Laverne Porter** (D-10), who was previously convicted of carrying a concealed weapon in 1997, a crime carrying a possible sentence over one year, knowingly and unlawfully possessed two firearms which had previously traveled in and affected interstate or foreign commerce. Specifically, **Porter** possessed **one Mossberg 500A 12 gauge shotgun, serial number J561005.**

37.    All in violation of Title 18, United States Code, Section 922(g).

## COUNT 9
(18 U.S.C. § 922(g): Felon in Possession of Firearms)

D-3  MUHAMMAD ABDUL SALAAM

38.    On October 28, 2009, in the Eastern District of Michigan, Southern Division, **Muhammad Abdul Salaam**, a.k.a. Gregory Stone, a.k.a. Gregory Strong, a.k.a. Norman Shields, a.k.a. Douglas Shields, a.k.a. Gun Man (D-3), who was previously convicted of crimes carrying a possible sentence of over one year, including carrying a concealed weapon in 1976, larceny from a person in 1980, felony fraud in 1985, felony larceny in 1985, knowingly and unlawfully possessed a firearm which had previously traveled in and affected interstate or foreign commerce. Specifically, **Salaam** possessed **one Remington 870 Express Magnum shotgun.**

39.    All in violation of Title 18, United States Code, Section 922(g).

## COUNT 10
(18 U.S.C. § 922(g):  Felon in Possession of Firearms)

D-3    MUHAMMAD ABDUL SALAAM

40.    On October 28, 2009, in the Eastern District of Michigan, Southern Division, **Muhammad Abdul Salaam**, a.k.a. Gregory Stone, a.k.a. Gregory Strong, a.k.a. Norman Shields, a.k.a. Douglas Shields, a.k.a. Gun Man (D-3), who was previously convicted of crimes carrying a possible sentence of over one year, including carrying a concealed weapon in 1976, larceny from a person in 1980, felony fraud in 1985, felony larceny in 1985, knowingly and unlawfully possessed a firearm which had previously traveled in and affected interstate or foreign commerce.  Specifically, **Salaam** possessed **one Colt .45 Government Model pistol, serial number 278512-C**.

41.    All in violation of Title 18, United States Code, Section 922(g).

## COUNT 11
(18 U.S.C. §§ 511 and 2:
Tampering with Motor Vehicle Identification Numbers,
Aiding and Abetting)

D-2    MOHAMMAD ABDUL BASSIR
D-12   ACIE PUSHA

42.    From April 1, 2008 through June 30, 2008, in the Eastern District of Michigan, Southern Division, **Mohammad Abdul Bassir**, a.k.a. Franklin D. Roosevelt Williams (D-2) and **Acie Pusha**, a.k.a. Hanif (D-12), aided and abetted Luqman Abdullah, each other, and others known and unknown to the grand jury, in knowingly removing, obliterating, tampering with and altering an identification number (VIN) for a motor vehicle, with the intent to further the theft of the motor vehicle, in the following manner:

a.    Luqman Abdullah obtained a 2006 White Dodge Ram 1500 pick up truck, VIN 1D7HA16K86J194395, from co-conspirators known and unknown to the grand jury.  The co-conspirators had falsely reported the truck as stolen, and had fraudulently obtained compensation for its "loss" from the auto insurance company.

b.    Abdullah drove to Flint, Michigan to take possession of the truck from the co-conspirators, and brought it back to the Detroit metropolitan area.  Abdullah then directed and assisted in the removal of the VIN from the dashboard of the White Dodge truck, and the entire driver's side door and its VIN.

c.   Abdullah also obtained a Red Dodge Ram pickup truck of a similar model and year that had been extensively damaged and sold for salvage. Abdullah directed and assisted in the removal of the driver's side door and VIN, and the dashboard VIN, from the Red Dodge Ram pickup truck.

d.   In order to conceal his possession of the White Dodge Ram 1500 pick up truck that his co-conspirator had falsely reported as stolen, Abdullah attempted to put the VIN and driver's side door from the Red Dodge Ram truck onto the White Dodge Ram truck. Although the removal of the VINs from the white truck was successful, Abdullah was unable to affix the VINs from the red truck in their place.

e.   Because the attempt to switch the VINs was unsuccessful, **Acie Pusha** drove away took the White Dodge Ram 1500 pick up truck and concealed it.

f.   To further assist Luqman Abdullah in concealing his conduct, **Mohammad Abdul Bassir** took the Red Dodge Ram pickup truck and towed it first to his own house, and then to a building at 4118 Joy Road, Detroit, where he stored it, covered with a tarp.

43.   All in violation of Title 18, United States Code, Sections 511 and 2.

THIS IS A TRUE BILL.

s/ Foreperson of the Grand Jury
FOREPERSON OF THE GRAND JURY

TERRENCE BERG
United States Attorney

s/ Jonathan Tukel
JONATHAN TUKEL
Assistant U.S. Attorney

s/ Cynthia Oberg
CYNTHIA OBERG
Assistant U.S. Attorney

Dated: November 10, 2009

| United States District Court<br>Eastern District of Michigan | Criminal Case C[over Sheet] | Case: 2:09-cr-20549<br>Judge: Hood, Denise Page<br>MJ: Whalen, R. Steven<br>Filed: 11-10-2009 At 04:57 PM<br>INDI: USA V. MOHAMMAD ABDUL BASSIR,<br>ET AL (KB) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to c[omplete...]

**Reassignment/Recusal Information**   This matter was opened in the USAO prior to August 15, 2008  [✓]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes    ✓ No | **AUSA's Initials:** _CO_ |

**Case Title:** USA v. Mohammad Abdul Bassir, et al.

**County where offense occurred:** Wayne

**Check One:**    ✓ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/____Information --- **no prior complaint.**
__✓__Indictment/____Information --- based upon prior complaint [Case number: 2:09-mj-30436]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

November 10, 2009
Date

_/s/ Cynthia Oberg_
CYNTHIA OBERG
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9701
Fax: (313) 226-3413.
E-Mail address: cynthia.oberg@usdoj.gov
Attorney Bar Number: P 36338

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09