UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                       Case No. 09-cr-20549
                       Hon. DENISE PAGE HOOD

vs.

ALI ABDUL RAQIB D-11,

       Defendant.
_____/
CYNTHIA J. H. OBERG P-36338
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9701
Email: cynthia.oberg@usdoj.gov

SANFORD A. SCHULMAN P-43230
Attorney for Defendant: ALI ABDUL RAQIB
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net
_____/

## MOTION AND MEMORANDUM FOR DISCLOSURE AND PRODUCTION OF INFORMANT(S)

       NOW COMES the Defendant, ALI ABDUL RAQIB D-11, by and through his attorney, SANFORD A. SCHULMAN, and states in support of his Motion and Memorandum for Disclosure and Production of Informant(s) as follows:

1. The defendant, ALI ABDUL RAQIB, is charged with one single count of a ten count indictment charging the defendant with Conspiracy to Commit Federal Crimes in violation of 18 USC Sec. 371.

2. That the defense believes the Government will present an informant (and perhaps other informants) in its case in chief. These witnesses may have impeaching information which should be disclosed to the defense and they also may have received inducements which also should be disclosed.

3. It is well established that where an informant's testimony may be "relevant and helpful to the defense of an accused," his identity must be disclosed. Roviaro v United States, 353 U.S. 53, 60-61 (1957); United States v Jenkins, F3d 1338, 1340 (6th Cir 1993). Under Roviaro, there is no fixed rule with respect to disclosure of a confidential informant, although four considerations are relevant: (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors. Id. at 62-64. In a case such as this, the testimony of the informant would be vital to the defense. Even where the informant is not called to testify for the government, the defense may call him. Lopez-Hernandez v United States, 394 F2d 820 (9th Cir 1968); Velarde-Villarreal v United States, 354 F2d 9 (9th Cir 1965). Where the informer is an active participant in the criminal transactions, his identity must be disclosed. In this case, the bare bones discovery does not reveal whether the informant(s) participated in the alleged transactions.

6. The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informants. Mr. Raqib specifically

requests that the informants be produced. The government has the duty to produce the informants or to show that, despite reasonable efforts, it was not able to do so. United States v Hart, 546 F2d 798, 799 (9th Cir 1976).

7. Mr. Raqib should be permitted to interview the informant(s) well in advance of trial. See United States v Hernandez, 608 F2d 741 (9th Cir 1979); United States v Bower, 575 F2d 499 (5th Cir), cert. denied, 439 U.S. 983 (9178). In Callahan v United States, 371 F2d 658 (9th Cir 1967), the court held that both the defense and the prosecution had the right to interview witnesses before trial, and that exceptions to such rules were justifiable only by the clearest and most compelling circumstances. It is beyond dispute that witnesses to a crime are the property of neither the prosecution nor the defense, and that both sides have an equal right and should have an equal opportunity to interview them.

## **ARGUMENT**

This Court has considerable discretion in deciding to hold an in camera hearing to determine if the government must release the informant's name and whereabouts to the defense. See, e.g., United States v Ordonez, 722 F2d 530, 540-541 (9th Cir 1983); United States v Rawlinson, 487 F2d 5, 7-8 n.4 (9th Cir 1973), cert. denied, 415 U.S. 984 (1974). The Rawlinson court held that an in camera hearing was an appropriate means for determining whether the informant's identity and testimony would be relevant and helpful to the defense. While the court in United States v Anderson, 509 F2d 724 (9th Cir 1974), cert. denied, 420 U.S. 910 (1975), refused to establish a fixed rule that requires disclosure of an informant's identity when probable cause is at issue, it did

3

approve the holding of an in camera hearing to which the defense counsel, but not the defendant, is admitted.

Thus, the identity of the informants should be revealed well in advance of trial, or in the alternative, this court should conduct an in camera hearing and allow defense counsel to participate in order to determine whether the informants testimony would be helpful and material to the defense. Counsel should have the opportunity to interview the government informant sufficiently in advance of trial so that any investigation that might have been necessary could have been accomplished.

Ali Raqib, the defendant in the pending case, hereby requests disclosure of impeaching information as to each informant, including:

1) Criminal history.

2) Records revealing prior misconduct or bad acts attributed to the informant.

3) Any and all consideration, expectation of consideration, or promises of consideration given to the informant.

4) Any and all threats, express of implied, direct or indirect, or other coercion made or directed against the informant.

5) The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases. See <u>United States v Alvarez-Lopez; Johnson v Brewer</u>, 521 F2d 55 (6th Cir 1975).

6) Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information.

7) The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant has been involved either as informant or as defendant.

Mr. Raqib makes these multiple requests because, in order to properly prepare a defense in this matter, it is important that the defense be aware of all information related to the informants' credibility and background. Giglio v United States, 405 US 150 (1972). The inherent unreliability of the testimony of accomplices or government informants underscores the need for complete disclosure of information relating to their credibility. See, United States v Caldwell, 466 F2d 611 (9th Cir 1972).

For these reasons as well, the failure of the Court to allow discovery regarding background information concerning the confidential informants, to permit a pretrial interview with them, or to permit the defense to call them as witnesses at trial, would deprive Defendant of a fair trial and the right to the compulsory process of witnesses. U.S. Const. Ams. V, VI.

WHEREFORE, the defendant, ALI ABDUL RAQIB D-11, by and through his attorney, SANFORD A. SCHULMAN, respectfully request this Honorable Court enter an order requiring the Government to disclose and produce the name and information regarding any informant(s) for the reasons so stated herein.

Respectfully submitted,

s/Sanford A. Schulman
SANFORD A. SCHULMAN P-43230
Attorney for Defendant: ALI ABDUL RAQIB
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

Date: November 24, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                Case No. 09-cr-20549
                Hon. DENISE PAGE HOOD

vs.

ALI ABDUL RAQIB D-11,

        Defendant.
_____/
CYNTHIA J. H. OBERG P-36338
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9701
Email: cynthia.oberg@usdoj.gov

SANFORD A. SCHULMAN P-43230
Attorney for Defendant: ALI ABDUL RAQIB
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net
_____/

## *CERTIFICATE OF ELECTRONIC FILING WITH COURT*

      SANFORD A. SCHULMAN, affirms, deposes and states that on the 24th day of November, 2009, he did cause to be served electronically with the Clerk of United States District Court, Eastern District, using ECF system which will send notification of such filing to the following:

      JUDGE . DENISE PAGE HOOD and
      CYNTHIA J. H. OBERG

7

the following pleadings:

1. Motion and Memorandum for Disclosure and Production of Informant(s) as to Defendant ALI ABDUL RAQIB D-11,
2. Certificate of Service.

        Respectfully submitted,

        s/Sanford A. Schulman P-43230
        ---------------------------------------------
        SANFORD A. SCHULMAN P-43230
        Attorney for Defendant: ALI ABDUL RAQIB
        500 Griswold Street, Suite 2340
        Detroit, Michigan 48226
        (313) 963-4740
        saschulman@comcast.net