UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 2:09-CR-20549 |
| Plaintiff, | HONORABLE DENISE PAGE HOOD |
| v. | MAG. JUDGE R. STEVEN WHALEN |
| D-2    MOHAMMAD ABDUL BASSIR, | |
| Defendant. | |
| _____/ | |

**ORDER BASED ON STIPULATION**

This Court has reviewed the stipulation of the parties and is fully apprised in the premises.

**IT IS HEREBY ORDERED** that the pretrial disclosure of any and all written and recorded information, including but not limited to affidavits in support of search warrants, witness interview summaries, recordings and transcripts of conversations intercepted by the authority of the Court pursuant to 18 U.S.C. § 2510 *et seq.* ("Title III") and affidavits submitted in support thereof, recordings and transcripts of consensually monitored conversations, and grand jury transcripts, is controlled by the provisions of the stipulation and agreement.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on 1/8/10, by electronic and/or ordinary mail.

                                           S/William F. Lewis
                                           Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  CRIMINAL NO. 2:09-CR-20549

    Plaintiff,  HONORABLE DENISE PAGE HOOD

v.  MAG. JUDGE R. STEVEN WHALEN

D-2    MOHAMMAD ABDUL BASSIR,

    Defendant.

_____/

## STIPULATION BY PARTIES

The parties to the above criminal action do hereby stipulate and agree as follows:

1. The government is in possession of recordings of consensually monitored conversations of some or all of the defendants and their associates that are relevant to this case, and the government intends to introduce them should the defendants elect to proceed to trial.

2. The government has also intercepted and recorded conversations pursuant to court-authorized wire taps of some or all of the defendants and their associates that are relevant to this case, and the government intends to introduce them should the defendants elect to proceed to trial.

3. Upon motion of the government, the affidavits in support of the court-authorized interceptions and the affidavits in support of search warrants executed in this case have been sealed. The affidavits relate information provided by sources and informants, whose identity and present locations may be revealed if the affidavits are unsealed.

4. In addition, the government is in possession of memoranda of interviews of witnesses, written witness statements, and transcripts of the grand jury testimony of individuals who will be called to testify.

5. The government is concerned that these items of discovery in this case have the potential to be used to harass or intimidate witnesses, if they are provided to the defendants without a protective order.

6. Defendant Bassir and his counsel find no substance to the government's concerns regarding harassment or intimidation of witnesses. However, in order to facilitate the government's prompt release of the materials described above, the defendant and the government hereby enter into this stipulation and agreement.

7. The government is aware of its duty under Rule 16 of the Federal Rules of Criminal Procedure, and especially under Rule 16(a)(1)(B), to provide the defendants with copies of their recorded conversations that are relevant and within the government's possession, custody or control. The government seeks in good faith to comply with its obligations while safeguarding the rights and safety of prospective witnesses, and taking into account Rule 6 of the Federal Rules of Criminal Procedure. Rule 6 states, in part:

> (2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
>
> (3) Exceptions.
> . . .

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made--

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;
. . .
If the court orders disclosure of matters occurring before the grand jury, **the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.**

8. Through his undersigned counsel, the defendant and the government hereby stipulate and agree:

   a. As soon as they are available, the government will produce copies of the hundreds, if not thousands, of hours of recorded conversations involving the defendants that are within its possession, custody or control. The government will provide copies of the transcripts of the conversations it expects to introduce at trial as they are completed.[1]

   b. Prior to trial, the government will produce grand jury transcripts of persons who will be called as witnesses at the trial of this matter. These transcripts will be used by defense counsel only for purposes of trial preparation.

   c. The defendant will be permitted to review the affidavits, recordings, transcripts, memoranda and other items of discovery with his attorney, and **defense**

---

[1] The government will provide the existing working drafts of the transcripts of conversations to those defense attorneys who stipulate that they will use the working drafts only to assist them in understanding the government's proofs and in preparing a defense, and will not attempt to use the working drafts to attack the accuracy of the final transcripts submitted prior to trial.

> **counsel may make one copy of the written discovery for his own use in preparing for trial, and defense counsel will retain sole custody of the original and the one working copy of the items.** Neither the defendants nor anyone else will be given copies of the affidavits, the transcripts, the memoranda of interviews, or the recordings.

d. Defense counsel will not disclose any of the transcripts provided by the government to anyone but his client, other attorneys, paralegals and/or investigators working with him, and only for purposes of trial preparation.

e. **Defense counsel will insure that materials disclosed to his client and to any of the previously described persons will not be further disclosed.**

f. When the case is resolved as to this defendant, whether by trial or by plea, defense counsel will be responsible for returning to the government all of the discovery materials disclosed to him.

**SO STIPULATED:**

 s/ Cynthia Oberg  
**CYNTHIA OBERG**  
Assistant United States Attorney  
cynthia.oberg@usdoj.gov  

Dated: 12/1/09

 s/ Kevin M. Mulcahy  
**KEVIN M, MULCAHY**  
Assistant United States Attorney  
kevin.mulcahy@usdoj.gov  

Dated: 12/1/09

 s/ Anthony Chambers (w/ consent, cjo)  
**ANTHONY CHAMBERS**  
achambers3650@yahoo.com  
*Counsel to Muhammad Abdul Bassir (D-2)*

Dated: 12/28/09