**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,          Criminal Case No. 09-20549

v.                                                  Civil Case No. 12-15184
                                                 HONORABLE DENISE PAGE HOOD

MOHAMMAD ABDUL BASSIR (D-2),

    Defendant-Petitioner.
_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE,
ORDER DISMISSING CASE NO. 12-15184
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I.    BACKGROUND**

Mohammad Abdul Bassir pled guilty to Counts 2, 3, 4, 5 and 6 of the Indictment. Counts 2 through 5 charge violation of 18 U.S.C. § 922(g), Felon in Possession of Firearms. Count 6 charges violation of 18 U.S.C. § 922(k), Knowing Possession of a Firearm with an Obliterated Serial Number. On August 2, 2011, Bassir was sentenced to 79 months for Counts 2 through 5 and 60 months for Count 6, to run concurrently, followed by 2 years of supervised release on each count, to be served concurrently. (Judgment, Doc. No. 305) Bassir did not appeal the sentence.

On November 21, 2012, Bassir filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Government filed a response arguing the motion is untimely.

## II. ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004).

The Judgment was imposed on August 2, 2011 and entered on August 17, 2011. Bassir had 14 days to file a notice of appeal from the entry of the Judgment. Fed. R. App. P. 4(b)(1). As noted above, Bassir did not appeal his sentence. Bassir's judgment of conviction is deemed final on September 1, 2011. The federal correctional institution received Bassir's § 2255 motion for mailing on November 19, 2012 and it was filed with the Court on November 21, 2012. (Doc. No. 333) Bassir's § 2255 motion is filed beyond the one-year limitation period and is untimely.

Bassir replies that because his claim is that the Court lacked subject matter jurisdiction over his criminal case, the Court should consider his motion even if it was filed beyond the one-year limitation period. Bassir asserts in his § 2255 motion that the Court lacked jurisdiction since the Government failed to prove that he carried the firearms across state lines. The Supreme Court has held that jurisdiction under 18 U.S.C. App. § 1202(a), a predecessor statute of § 922(g)(1), is met by proof that the firearm previously traveled in interstate commerce.

*Scarborough v. United States,* 431 U.S. 563, 566-67 (1977). The Sixth Circuit has held that the commerce element is met if the defendant possessed the firearm outside its state of manufacture. *See, United States v. Pedigo,* 879 F.2d 1315, 1319 (6th Cir. 1989); *United States v. Chesney,* 86 F.3d 564, 571 (6th Cir. 1996). In his Rule 11 Plea Agreement, Bassir agreed and admitted that the firearms set forth in Counts 2 through 6 previously traveled in and affected interstate or foreign commerce. (Rule 11 Plea Agreement, Doc. No. 249, pp. 2-3) Bassir's jurisdictional claim has no merit.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir.1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued since Bassir's motion was filed beyond the one-year limitations period under 28 U.S.C. § 2255 and lacks merit.

### IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 09-20549, Doc. No. 43, filed March 17, 2010]** is **DENIED.**

IT IS FURTHER ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 12-15184]** is **DISMISSED with prejudice.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager